**BUTCH**

v.

**UNIVERSITY OF CINCINNATI.**

Court of Claims of Ohio.

No. 96–03243.

Decided July 15, 1997.

*Michael J. Ertle* and *John F. Norton,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *Michael J. Valentine,* Assistant Attorney General, for defendant.

FRED J. SHOEMAKER, Judge.

In his complaint, plaintiff, Michael Butch, alleges that defendant, University of Cincinnati ("U.C."), failed to warn and protect him from an injury that was caused by a leaking underground steam pipe.

The findings and conclusions herein are derived from the documents and pleadings in the case file, evidence at trial, and the presentations by the parties.

On Friday, March 11, 1994, U.C.'s maintenance department was called regarding a depression near a stairwell at one of the campus buildings. Upon arrival, the maintenance personnel investigated the site and found a minor depression in the surface of the ground. However, there was no clear indication as to the cause of the depression. Since the investigation took place at the end of the shift, the maintenance department scheduled a further investigation of the area on the following Monday, and since there was no noticeable evidence of a potential hazard, maintenance personnel did not place orange fencing or any other warning device in the area.

On March 12, 1994, at approximately one o'clock in the morning, plaintiff was walking back to his dorm after attending a fraternity party across campus. Upon feeling the need to urinate, plaintiff proceeded to step into the same area previously investigated by the maintenance workers. Although plaintiff saw steam rising from the ground, he disregarded it and stepped into the area that was filled with boiling water. As a result of stepping into the pool of boiling water, plaintiff sustained burns to his feet.

After being notified of the incident by campus police, the maintenance workers fenced off the area. The following Monday morning, the area was inspected for a leak of some kind. Upon arrival at the area, the workers found it to be dry with no signs of leakage. In fact, the area looked exactly as it had the previous Friday. Nevertheless, a further investigation revealed that a steam pipe was located under the area and that it had been leaking.

Plaintiff's complaint sets forth a single negligence action. In order to prevail upon his claim of negligence, plaintiff must prove by a preponderance of the evidence that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467.

 Inasmuch as plaintiff was a student at the university, his legal status was that of a business invitee. Defendant had the legal status of a business owner. A proprietor of a business owes a duty of ordinary care to ensure an invitee's safety. *S.S. Kresge Co. v. Fader* (1927), 116 Ohio St. 718, 158 N.E. 174.

 In order to recover from the occupier of premises for personal injuries claimed to have been caused by the condition of those premises, a business invitee must allege and prove that the injury was proximately caused by some unreasonably dangerous condition on the premises. *Baldauf v. Kent State Univ.* (1988), 49 Ohio App.3d 46, 550 N.E.2d 517. Additionally, plaintiff has the burden to prove that defendant was on notice or aware of the unreasonably dangerous condition.

The legal concept of notice is of two distinguishable types: actual and constructive.

"The distinction between actual and constructive notice is in the manner in which notice is obtained or assumed to have been obtained rather than in the amount of information obtained. Wherever from competent evidence the trier of fact is entitled to hold as a conclusion of fact and not as a presumption of law that information was personally communicated to or received by a party, the notice is actual. Constructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 47 O.O. 231, 105 N.E.2d 429, paragraph two of the syllabus.

In the case at bar, defendant had actual notice of a problem in the area of the depression. However, the court finds that defendant was not placed on actual notice of the extent of the potential hazard that existed. The March 11, 1994, inspection of the depressed area did not reveal a potential leak of a steam pipe. In fact, the maintenance department did not have knowledge that a steam pipe was lying beneath the surface of the depression. Additionally, the depressed ground was completely dry and did not reveal the signs of a potentially dangerous condition. Moreover, the depressed ground was not in an area that was traveled by students. Consequently, defendant should not be expected to know that the area would be used as a public urinal. The court finds that defendant was not placed on notice of the potential dangers that were present. Under the circumstances presented in this case, the court finds that defendant acted in a reasonable manner in its investigation to remedy the underlying problem. Therefore, defendant did not breach its duty of ordinary care to plaintiff.

Assuming that defendant was negligent, plaintiff still would not prevail. Ohio's Comparative Negligence Statute, R.C. 2315.19, bars plaintiff from recovery if his actions were a greater cause (more than fifty percent) of his injuries than any acts of defendant. The court finds that any alleged breach by defendant was less of a causative factor than was plaintiff's own negligence. Plaintiff ignored a large amount of steam arising from the stairwell area. Additionally, plaintiff did not take reasonable care for his own safety while stepping in the depressed area containing water. Testimony revealed that plaintiff stepped into the water, not noticing that it was hot until he felt his feet burning. Thus, the court finds that plaintiff blatantly disregarded his own safety and well-being while relieving himself in what would appear to have been an improper spot. Under R.C. 2917.11(A)(5), plaintiff's actions were unlawful and displayed his lack of due care. Therefore, even if defendant were negligent, plaintiff would not prevail due to his own negligence.

The court concludes that plaintiff has failed to prove that defendant breached any duty that it owed to him. Accordingly, judgment is rendered in favor of defendant.

*Judgment for defendant.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.