OPINION
{¶ 1} Appellant Ronald Kellogg ("appellant") appeals the decision of the Stark County Court of Common Pleas that denied his motion to withdraw requests for admissions, motion to dismiss and motion for summary judgment, and granted appellee's motion for summary judgment. The following facts give rise to this appeal.
 {¶ 2} On April 21, 2004, Appellee Dennis Kutscherousky ("appellee") filed an amended complaint, in the Stark County Court of Common Pleas, against Integrated Communications Solutions LLC ("ICS") and Appellant Kellogg. Following the filing of the amended complaint, on June 2, 2004, appellee filed requests for admissions against appellant and ICS. On July 5, 2004, appellant filed a motion to dismiss the complaint. Thereafter, appellant and ICS failed to timely respond to the requests for admissions. On July 12, 2004, appellee filed a motion to deem the requests for admissions admitted. The trial court granted appellee's motion on July 28, 2004, in addition to denying appellant's motion to dismiss the complaint.
 {¶ 3} Approximately two and one-half months after the trial court deemed the requests for admissions admitted, appellant filed a motion to withdraw the admissions. Both parties also filed motions for summary judgment. The trial court denied appellant's motion to withdraw the admissions and motion for summary judgment. The trial court granted appellee's motion for summary judgment.
 {¶ 4} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 5} "I. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO DISMISS.
 {¶ 6} "II. THE TRIAL COURT ERRED IN GRANTING DENNIS KUTSCHEROUSKY'S (HEREAFTER, `KUTSCHEROUSKY' OR `PLAINTIFF-APPELLEE (SIC)) MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED AND OVERRULING DEFENDANT-APPELLANT'S MOTION TO WITHDRAW ADMISSIONS.
 {¶ 7} "III. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND IN OVERRULING DEFENDANT-APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
 {¶ 8} "IV. THE TRIAL COURT ERRED IN FAILING TO AFFORD DEFENDANT-APPELLANT DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW."
 II {¶ 9} In his brief, appellant first addresses his Second Assignment of Error. In his Second Assignment of Error, appellant maintains the trial court erred when it granted appellee's motion to deem requests for admissions admitted and further erred when it denied his motion to withdraw said admissions. We agree.
 {¶ 10} Civ.R. 36 addresses requests for admissions and provides, in pertinent part, as follows:
 {¶ 11} "(A) Availability; procedures for use
 " * * * {¶ 12} "The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney."
 {¶ 13} "(B) Effect of admission
 {¶ 14} "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits. * * *"
 {¶ 15} "A request for admission can be used to establish a fact, even if it goes to the heart of the case. This is in accord with the purpose of the request to admit — to resolve potentially disputed issues and thus to expedite the trial. [Citation omitted.]
 {¶ 16} "Any matter admitted under Civ.R. 36 is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Civ.R. 36(B). This court may permit the withdrawal if it will aid in presenting the merits of the case and the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action. Balson v. Dodds (1980), 62 Ohio St.2d 287,405 N.E.2d 293 [16 O.O.3d 329], paragraph two of the syllabus. This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Cleveland Trust Co. v. Willis
(1985), 20 Ohio St.3d 66, 67.
 {¶ 17} The above standard set forth in Civ. R. 36 makes no mention of "excusable neglect". See, Hanchar Ind. Waste Mgmt,Inc. v. Wayne Reclamation Recycling, Inc. (CA IN 1981),418 N.E.2d 268, 270. Civ.R. 36(B) does not require that a written motion be filed and does not specify when such motion must be made. Balson v. Dodds (1980), 62 Ohio St.2d 287, fn. 2. Further, the Supreme Court of Ohio held in Balson that the trial court reasonably found that, by contesting the truth of the Civ.R. 36(A) admissions, for the purposes of summary judgment, appellee satisfied the requirement of Civ.R. 36(B) that the party move the trial court to withdraw or amend the admissions. Id.
Finally, the court in Balson found that the court may permit the withdrawal if it will aid in presenting the merits of the case and the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action. Balson, at paragraph two of the syllabus; MayflowerTransit, Inc. v. Commercial Trailer (Sept. 28, 2000), 10th Dist. Nos. 99AP-1058, 99AP-1047. Accordingly, the "two-prong test of Rule 36(b) directs the court to consider the `effect upon the litigation and prejudice to the resisting party [,]' Mid ValleyBank v. North Valley Bank, 764 F.Supp. 1377, 1391 (E.D.Cal. 1991), rather than focusing on the moving party's excuses for an erroneous admission. See 10A Federal Procedure L.Ed. § 26.500 (1988) (`FRCP 36(b) does not require the moving party to prove excusable neglect.')." F.D.I.C. v. Prusia (8th Cir., 1994),18 F.3d 637, 640.
 {¶ 18} The test for withdrawal or amendment has two prongs. First, the court must look to whether the "presentation of the merits will be subserved" by allowing the amendment. Second, the court must address whether the withdrawal will prejudice the party that has obtained the admissions.
 {¶ 19} "The question of precisely what constitutes `subserving presentation of the merits' in a practical sense has received little attention by our courts. `Subserve' is defined as `to promote the welfare or purposes of' or `to serve as a . . . means in carrying out'. Webster's Ninth New CollegiateDictionary, 1176 (1985). Placing the definition in the context of the [Civ. R. 36] test, the burden is on the moving party to show how withdrawal or amendment of the admissions would assist in reaching a just resolution of the action on its merits. With regard to this, the federal courts have held that this burden is clearly met when the effect of denying a motion to withdraw and amend would `practically eliminate any presentation of the merits.' Westmoreland v. Triumph Motorcycle Corp. (D.Conn. 1976), 71 F.R.D. 192, 193. In Pleasant Hill Bank v. UnitedStates (W.D.Mo. 1973), 60 F.R.D. 1, it was held that the end result of denying a motion to withdraw where key controverted issues are inadvertently or negligently admitted is an unjustified suppression of the merits, and therefore that presentation of the merits is subserved by permitting withdrawal in such cases. As stated in Hadra v. Herman Blum ConsultingEngineers (N.D.Tex. 1977), 74 F.R.D. 113, `it does not further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline was missed.' Id. at 114. In fact, the federal courts have taken the position that where the party which acquired the admissions cannot demonstrate prejudice, the trial court should extend permission to withdraw and amend. Marshallv. District of Columbia, supra; See also Asea, Inc. v. SouthernPacific Transportation Co. (9th Cir. 1981), 669 F.2d 1242, 1248
(`In a proper case . . . such as when an admission has been made inadvertently, Rule 36(b) might well require the district court to permit withdrawal.)." Gary Mun. Airport Auth. V. Peters (CA IN, 1990), 550 N.E.2d 828, 831. On this score, the Sixth Circuit has said that this prong "`is satisfied `when upholding the admission would practically eliminate any presentation on the merits of the case.' Hadley v. United States, 45 F.3d 1345,1348 (9th Cir. 1995) (holding that the district court abused its discretion in refusing to allow the withdrawal of two inadvertent admissions that went to the heart of the case)." Riley v. Kurtz
(6th Cir., 1999), 194 F.3d 1313; In re Smith Road Furniture
(S.D. OH 2003), 304 B.R. 790, 792.
 {¶ 20} In its judgment entry denying appellant's motion to withdraw admissions, the trial court stated as follows:
 {¶ 21} "The Defendant, however, has not provided the Court with any reason as to why the Court should allow the Defendant to file untimely responses. Before the Court can even determine whether or not the Plaintiff would be prejudiced by the withdrawal of admissions, the Court must first determine whether or not there is a compelling reason to accept the Defendant's late responses to the request for admissions. * * * Defendant Kellogg has not provided the Court with any explanation whatsoever as to why the responses to the request for admissions were eight days late and the Court will not infer any. Sandlerv. Gossick (1993), 87 Ohio App.3d 372. Therefore, the Court finds that the Defendant has not shown any `compelling circumstances' or even excusable neglect to allow the untimely filing of Defendant's responses." Judgment Entry, Oct. 18, 2004, at 2.
 {¶ 22} We disagree with the trial court's analysis of this matter. According to Willis, "[u]nder compelling circumstances, the court may allow untimely replies to avoid the admissions." Id. at 67. However, in Willis, supra, the request to withdraw the admissions was made on the first day of trial.20 Ohio St.3d at 68, 485 N.E.2d at 1054. Further, the court in Willis, supra,
noted "Charles did not cooperate with discovery requests and defied court orders directing him to give his deposition. Because of this conduct Cleveland Trust relied on the requests for admissions as proof of potentially disputed issues. On the first day of trial Charles sought to file his untimely response to the requests for admissions. To permit filing of Charles' response not only would have prejudiced Cleveland Trust's pursuit of its remedy and entailed further delay, but it would have put a premium upon lack of diligence." Id. We hasten to add, however, there must be a point after which the party who gained the admissions has the right to rely on them. What amount of time is "reasonable" varies on a case-by-case basis. In Westmoreland,supra, a defendant was allowed to withdraw admissions made by default one year after their entry where upholding the admissions would "practically eliminate" any presentation on the merits. The court stated that the admissions were so "vital" to the defendant's case that the plaintiff could not have reasonably believed that the admissions were intended. The court also noted that a different result may have been reached had the plaintiff been capable of demonstrating hardship caused by withdrawal.
 {¶ 23} In the case at bar the appellant's responses were only nine days late; both parties were aware of each other's position on the merits of the case; the time frame for discovery had not expired and was not close to expiring; there was no response to the motion for summary judgment or any other action on the part of appellee in reliance upon the requests for admissions; mediation had not been scheduled; and the final pretrial and trial dates had not been scheduled.
 {¶ 24} This court finds that the first prong of the Civ. R. 36(B) test is met in the present case because the withdrawal of the response would further the presentation of the merits of the action. Allowing the erroneous admission to stand would practically eliminate any presentation on the merits of the case, permitting the withdrawal or amendment would have subserved the presentation of the merits.
 {¶ 25} We turn now to the second prong of the test. The prejudice contemplated by Rule 36(b) "`relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted." Gutting v. Falstaff Brewing Corp., 710 F.2d 1309,1314 (8th Cir. 1983) (quoting Brook Village N. Assocs. v.General Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982))"; 4A Jeremy C. Moore et al., Moore's Federal Practice at para. 36.08; seeGutting v. Falstaff Brewing Corp (8th Cir. 1983),710 F.2d 1309, 1314 (stating this proposition). F.D.I.C. v. Prusia,supra 18 F.3d 637, 640.
 {¶ 26} The necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient.Davis v. Noufal (D.D.C., 1992), 142 F.R.D. 258, 259; Ropfogelv. United States, 138 F.R.D. 579, 583 (D.Kan. 1991). Likewise, preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice. Davis,142 F.R.D. at 259. Appellee as the party who obtained the mistaken admission has the burden of proving that an amendment would prejudice him.
 {¶ 27} Courts have recognized that, where a party all but conceded liability through its admission in a contested case, it is unlikely that the opposing party could have reasonably relied on the truth of the admission. Branch Banking Trust Co.,120 F.R.D. at 659 (citing Westmoreland v. Triumph Motorcycle Corp.,71 F.R.D. 192, 193 (D.Conn. 1976)). In Westmoreland the court stated:
 {¶ 28} "It is unlikely that the plaintiff could reasonably have believed that the defendant intended to admit liability in this contested action. And if he did rely on that assumption, this court is loathe to reward what would have been an unreasonable reliance in order to glorify technical compliance with the rules of civil procedure. Had the plaintiff been able to demonstrate an actual hardship caused by the defendant's negligence, i.e., had he shown that he was now unable to obtain vital witnesses, the result would, of course, be different."Westmoreland, 71 F.R.D. at 193; see also Bergemann v. UnitedStates (10th Cir. 1987), 820 F.2d 1117, 1121 (no prejudice in withdrawal of response since plaintiff knew that defendants challenged the issue).
 {¶ 29} Indeed, courts have concluded that the preparation of a summary judgment motion in reliance upon default admissions does not constitute "prejudice" under Rule 36(b). F.D.I.C. v.Prusia (8th Cir. 1994), 18 F.3d 637, 640; In re Guardian TrustCompany (S.D.Miss. 2000), 260 B.R. 404, 411. Finally, appellee has ample time to conduct any discovery it deems necessary to prosecute its claims given that the time frame for discovery had not expired; mediation had not been scheduled; and the final pretrial and trial dates had not been scheduled. Accordingly, appellee has failed to sustain its burden of proof under Civ. Rule 36(b).
 {¶ 30} Appellant's Second Assignment of Error is sustained.
 I, III {¶ 31} Appellant next addresses his First and Third Assignments of Error simultaneously. In his First Assignment of Error, appellant contends the trial court erred when it denied his motion to dismiss pursuant to Civ.R. 12(B) (6). In his Third Assignment of Error, appellant maintains the trial court erred when it granted appellee's motion for summary judgment and denied his motion for summary judgment. We disagree with the First Assignment of Error and agree with appellant's Third Assignment of Error.
 {¶ 32} Our standard of review on a Civ.R. 12(B) (6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs.,Inc. (1990), 49 Ohio St.3d 228, overruled in part on other grounds, 62 Ohio St.3d 541. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v.Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the non-moving party.
 {¶ 33} Appellant sought dismissal of Counts One, breach of contract, and Count Two, unjust enrichment. In support of his motion, appellant claims he was not a party to the contract and was acting as an employee and representative of ICS. The trial court denied appellant's motion without stating a reason. However, under a de novo standard of review, we have reviewed the complaint in this matter and find that it contains allegations sufficient to state claims for breach of contract and unjust enrichment. The trial court did not err when it denied appellant's motion to dismiss pursuant to Civ.R. 12(B) (6).
 {¶ 34} In his Third Assignment of Error, appellant maintains the trial court erred when it denied his motion for summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. Therefore, we must refer to Civ.R. 56, which provides, in pertinent part:
 {¶ 35} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 36} Pursuant to the above rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall,77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293.
 {¶ 37} In its judgment entry, the trial court granted appellee's motion for summary judgment and denied appellant's motion for summary judgment based upon the admissions. Judgment Entry, Oct. 18, 2004, at 3. As noted in our disposition of appellant's Assignment of Error II, supra, the trial court should have allowed appellants to withdraw or amend their actual admissions. Because the withdrawal of the admissions by appellant may create a genuine issue of fact we conclude that, had the trial court granted appellant's motion to withdraw or amend admissions, summary judgment may have been inappropriate.
 {¶ 38} Appellant's First Assignment of Error is overruled. Appellant's Third Assignment of Error is granted.
 IV {¶ 39} In his Fourth Assignment of Error, appellant contends the trial court erred in failing to afford him due process and equal protection under the law. We will not address this assignment of error as appellant failed to comply with App.R. 16(A) (7). This rule provides as follows:
 {¶ 40} "(A) Brief of the appellant
 {¶ 41} "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
 " * * * {¶ 42} "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."
 {¶ 43} In the case sub judice, appellant does not set forth an argument in support of his Fourth Assignment of Error as required by App.R. 16(A) (7).
 {¶ 44} Appellant's Fourth Assignment of Error is overruled.
 {¶ 45} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed in part and reversed in part.
Gwin, P.J. and Farmer, J., concur.
Wise, J., concurring in part; dissenting in part.