OPINION
{¶ 1} Appellants, William Whitehouse and Charlene Whitehouse, appeal from the March 20, 2007 judgment of the Lake County Court of Common Pleas granting the motion for summary judgment of appellee, The Customer is Everything!, Ltd., d.b.a Avenue Grille Bar. For the reasons stated below, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} On February 3, 2003, William Whitehouse, while in the scope of his employment with Premier Produce, Inc., delivered produce to appellee. Mr. Whitehouse slipped and fell as he was entering the service entrance of appellee.
 {¶ 3} On October 25, 2006, appellants, Mr. Whitehouse and his wife, Charlene Whitehouse, filed a complaint in the Lake County Court of Common Pleas. In this complaint, appellants alleged "Defendants * * * caused, permitted and allowed a dangerous condition to develop and exist at the service entrance including, without limitation, an unnatural accumulation of ice." Appellants further alleged "the service entrance was unreasonably dangerous on February 3, 2003 at 10:00 a.m." Mr. Whitehouse alleged he sustained bodily injuries as a "direct and proximate cause of the fall." Mrs. Whitehouse alleged loss of love, support, services, and consortium of her husband as a direct result of the negligence of appellee.
 {¶ 4} Appellee timely filed an answer on November 21, 2006, pleading among other affirmative defenses, assumption of risk and the open and obvious doctrine. On November 18, 2006, appellee propounded discovery requests upon appellants, including request for admissions of Mr. Whitehouse.
 {¶ 5} The responses to the request for admissions were due by December 22, 2006. Appellants' counsel, on December 21, 2006, requested a 30-day extension until January 22, 2007. An appropriate stipulation was filed with the trial court on December 22, 2006. Again, on January 22, 2007, appellants' counsel requested an additional seven days, or until January 29, 2007, to file the request for admissions. A stipulation was filed reflecting the additional extension. Appellants did not respond. *Page 3 
 {¶ 6} Appellee moved for summary judgment on February 9, 2007. As part of the motion for summary judgment, appellee sought to have the admissions served upon appellants admitted since appellants failed to respond. Attached to appellee's motion for summary judgment was a copy of the request for admissions. Appellants failed to respond to the following request for admissions:
 {¶ 7} "Admit that the ice upon which you slipped and which gives rise to your Complaint was an open and obvious danger.
 {¶ 8} "Admit that you observed the ice upon which you slipped and which gives rise to your Complaint prior to stepping onto the ice.
 {¶ 9} "Admit that the ice upon which you slipped and which gives rise to your Complaint was the result of a natural accumulation of ice and/or snow.
 {¶ 10} "Admit that the service entrance was not unreasonably dangerous on February 3, 2003.
 {¶ 11} "Admit that prior to the incident which gives rise to your Complaint you were aware of the potential dangers of slipping and falling on ice.
 {¶ 12} "Admit that you assumed the risk of slipping and falling on ice when you decided to step onto the ice near the service entrance.
 {¶ 13} "Admit the darkness did not cause or contribute in any way to the slip and fall which gives rise to your Complaint."
 {¶ 14} Appellants timely replied to appellee's motion for summary judgment on February 21, 2007. In that memorandum, appellants claimed they "should be permitted to withdraw their accidental admissions or, alternatively, given an additional 21 days from January 29, 2007 to serve responses thereto." Appellants attached an affidavit of *Page 4 
their counsel, which stated he had prepared the admissions on Sunday, January 28, 2007, and left them on the desk of his paralegal with instructions to be served the next day. However, the admissions were inadvertently misplaced with other documents. Since appellants' counsel was in Richland County for the next week due to two trials, he did not know the admissions were not served. Further, appellants attached, as an exhibit, their responses to the request for admissions.
 {¶ 15} Appellee filed its reply brief on February 27, 2007. Appellants filed a supplemental memorandum in opposition on March 2, 2007, attaching revised responses to appellee's request for admissions and an affidavit of Mr. Whitehouse. In his affidavit, Mr. Whitehouse states:
 {¶ 16} "As I pulled the dolly in, I slipped on the floor, fell onto my back, and the cases of produce fell over onto me. * * * I examined the floor and found it to be very slippery. Someone had spilled something on the floor which made it very slippery. I had my work boots on. I had never before encountered such a slippery floor in that establishment. I am certain that I did not slip on water and that some foreign material had been spilled on the floor."
 {¶ 17} Appellee filed a surreply on March 7, 2007.
 {¶ 18} The trial court issued a March 20, 2007 judgment entry granting appellee's motion for summary judgment. From this judgment, appellants filed a timely notice of appeal.
 {¶ 19} Appellants' first assignment of error states:
 {¶ 20} "The trial court abused its discretion and committed reversible error by not permitting appellants to withdraw their inadvertent admissions." *Page 5 
 {¶ 21} Appellants assert the trial court abused its discretion by not withdrawing the admissions. Requests for admission are governed by Civ.R. 36, which provides, in pertinent part:
 {¶ 22} "(A) Availability; procedures for use
 {¶ 23} "* * * Each matter of which an admission is requested shall be separately set forth. The party to whom the requests for admissions have been directed shall quote each request for admission immediately preceding the corresponding answer or objection. The matter is admitted unless, within a period designated in the request, * * * the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, or signed by the party or by the party's attorney. * * *
 {¶ 24} "(B) Effect of admission
 {¶ 25} "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendmentof the admission. Subject to the provisions of Civ.R. 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits." (Emphasis added.)
 {¶ 26} When a party fails to timely respond to the request for admissions, "the admissions [become] facts of record which the courts must recognize." Cleveland Trust Co. v. Willis (1985), 20 Ohio St.3d 66,67. It is within the trial court's discretion whether it will allow the withdrawal of admissions. Szigeti v. Loss Realty Group, 6th Dist. No. L-03-1160, *Page 6 
2004-Ohio-1339, at ¶ 19. Further, whether to accept the filing of late responses to requests for admissions is also within the trial court's discretion. Sandler v. Gossick (1993), 87 Ohio App.3d 372, 378. (Citations omitted.) Therefore, "[u]nder compelling circumstances, the court may allow untimely replies to avoid the admissions." ClevelandTrust Co. v. Willis, 20 Ohio St.3d at 67.
 {¶ 27} The issue in this case is not whether this court would have allowed the admissions to be filed after expiration of the second extension of time. The manner and specifics with which a trial court directs and controls discovery in its civil cases rests with the sound discretion of the trial court. Unless the trial court has abused its discretion, an appellate court will not disturb a trial court's decision in this regard. "The term "abuse of discretion" connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.)Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. This court must be mindful of the fact that when applying the abuse of discretion standard, we "may not substitute [our] judgment for that of the trial court."Women's Care, Inc. v. Belcher, 5th Dist. No. 2004-CA-0047, 2005-Ohio-543, at ¶ 29, citing S. Ohio Coal Co. v. Kidney (1995),100 Ohio App.3d 661, 667.
 {¶ 28} In order to support their argument, appellants citeKutscherousky v. Integrated Communications Solutions, LLC, 5th Dist. No. 2004 CA 00338, 2005-Ohio-4275, where the Fifth Appellate District found the trial court abused its discretion by not permitting withdrawal of the admissions when the appellant was nine days late in answering a request for admissions. In the judgment entry in Kutscherousky, the trial court noted that before it could determine "`whether or not the Plaintiff would be *Page 7 
prejudiced by the withdrawal of admissions, the Court must first determine whether or not there is a compelling reason to accept the Defendant's late responses to the request for admissions.'" Id. at ¶ 21. The Kutscherousky Court disagreed with the trial court's analysis. The Kutscherousky Court noted Civ.R. 36 does not mention excusable neglect. Id. at ¶ 17. Moreover, although the Supreme Court of Ohio, inWillis, supra, at 67, held "`under compelling circumstances, the court may allow untimely replies to avoid admissions,' * * * the request to withdraw admissions [in Willis] was made on the first day of trial." Id. at ¶ 22.
 {¶ 29} The Fifth Appellate District stated the test for withdrawal or amendment of admissions has two prongs: "[f]irst, the court must look to whether the `presentation of the merits will be subserved' by allowing the amendment. Second, the court must address whether the withdrawal will prejudice the party that has obtained the admissions." Id. at ¶ 18. The Kutscherousky Court noted that since both prongs of the test were satisfied, the trial court erred in granting the appellee's motion to deem request for admissions admitted and further erred when it denied the motion to withdraw said admissions. Id. at ¶ 18-30.
 {¶ 30} However, in the dissent, Judge Wise maintains the party seeking withdrawal of the admissions must set forth "`compelling circumstances'" in support of the request, as recognized by the Supreme Court of Ohio. Id. at ¶ 48. (Wise, J., concurring in part and dissenting in part.) See, also, Cleveland Trust Co. v. Willis, supra, at 67. This requirement is in addition to those set forth in Civ.R. 36(B). Id.
 {¶ 31} Therefore, "if the party seeking to withdraw the admissions sets forth `compelling circumstances' for the late filing of the answers to the requests for *Page 8 
admissions, the trial court must next determine whether the withdrawal of the admissions will aid in presenting the merits of the case.[Cleveland Trust Co. v. Willis, supra.] Finally, if the trial court determines that withdrawal of the admissions will aid in the presentation of the case, the burden shifts to the party who obtained the admissions to establish that withdrawal will prejudice him or her in maintaining their action." Id. at ¶ 49.
 {¶ 32} As stated in Judge Wise's dissent, examples of instances where a trial court has used the "compelling circumstances" analysis include:Albrecht, Inc. v. Hambones Corp., Summit App. No. 20993, 2002-Ohio-5939 at ¶ 15; Natl. City Bank v. Moore (Mar. 1, 2000), Summit App. No. 19465, 2000 Ohio App. LEXIS 723, at *6; Amer, Cunningham, Brennan, Co., L.P.A.v. Sheeler (Apr. 28, 1999), Summit App. No. 19093, 1999 Ohio App. LEXIS 1995, at *4; Sullinger v. Moyer (Aug. 6, 1997), Mahoning App. No. 96 C.A. 152, 1997 Ohio App. LEXIS 3605, at *20; Loveday v. Wolny (July 16, 1997), Medina App. No. 2617-M, 1997 Ohio App. LEXIS 3037, at *9;Mgmt. Recruiters-Southwest v. Holiday Inn-Denver (Apr. 23, 1997), Medina App. No. 2582-M, 1997 Ohio App. LEXIS 1609, at *4; Colopy v. NationwideIns. Co. (Aug. 23, 1995), Summit App. No. C.A. No. 17019, 1995 Ohio App. LEXIS 3462, at *6; Kurelov v. Szabo (Sept. 8, 1994), Cuyahoga App. No. 66292, 1994 Ohio App. LEXIS 3994, at *7; and Gwinn v. Dave DennisVolkswagen (Feb. 8, 1988), Greene App. No. 87-CA-56, 1988 Ohio App. LEXIS 450, at *7. Id. at ¶ 50.
 {¶ 33} In the case sub judice, the trial court found that appellants failed to provide compelling circumstances to justify a withdrawal of the admissions. Appellants urged the trial court to withdraw their Civ.R. 36(A) admissions since the failure to respond was *Page 9 
inadvertent, accidental, and excusable. Appellants informed the trial court that appellants' counsel prepared the admissions on January 28, 2007 and left them on his paralegal's desk to be served; however, the admissions were accidentally misplaced by his paralegal. Appellants' counsel stated he did not become aware of the fact that the admissions were not served until appellee moved for summary judgment on February 9, 2007. Additionally, appellants claim appellee clearly did not demonstrate any prejudice that would result from the withdrawal of said admissions.
 {¶ 34} We agree with the trial court that appellants must set forth "compelling circumstances" to justify their failure to respond to the request for admissions. In the instant case, the reasons appellants provide do not constitute compelling circumstances that would suggest the trial court abused its discretion. See Thompson v. Weaver (Aug. 7, 1998), 6th Dist. No. WD-97-099, 1998 Ohio App. LEXIS 3595 (Where the appellant argued "he unsuccessfully tried to contact appellees' attorney `just prior to the deadline and after' to request additional time in which to respond. Appellant's lack of success in such an eleventh-hour effort [could] not be considered a `compelling' reason to accept late admissions.") See, also, Willis, supra, at 67 (The trial court determined Willis failed to set forth a compelling reason for the late filing of the responses. Willis claimed he was ill.) Further, appellee was entitled to rely on the Civ.R. 36(A) admissions as proof of potentially disputed fact. Therefore, we cannot say that the trial court abused its discretion in accepting the admissions based upon appellants' failure to timely provide answers.
 {¶ 35} The first assignment of error is overruled.
 {¶ 36} Appellants' second assignment of error states: *Page 10 
 {¶ 37} "The trial court erred by sub silentio denying appellants' request for an enlargement of time within which to respond to the requests for admission."
 {¶ 38} Civ.R. 6(B) gives the trial court discretion to grant extensions of time to respond to pleadings in the case of excusable neglect. The rule provides, in pertinent part:
 {¶ 39} "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * *, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *." Civ.R. 6(B).
 {¶ 40} A determination under Civ.R. 6(B)(2) rests within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. State ex rel. Lindenschmidt v.Butler Cty. Bd. of Commrs. (1995), 72 Ohio St.3d 464, 465. (Citations omitted.)
 {¶ 41} The trial court, when determining whether neglect is excusable or inexcusable, must take into consideration all surrounding facts and circumstances. Marion Production Credit Assn. v. Cochran (1989),40 Ohio St.3d 265, 271. (Citations omitted).
 {¶ 42} "Examples of instances where a court might find excusable neglect include the following: the party had neither knowledge nor notice of the pending legal action; counsel of record suffers from personal and family illness; and counsel of record fails to appear for trial because he has not received notice of a rescheduled trial date." *Page 11 Reimund v. Reimund, 3d Dist. No. 5-04-52, 2005-Ohio-2775, at ¶ 15. (Citations omitted.)
 {¶ 43} Moreover, "a majority of the cases finding excusable neglect also have found unusual or special circumstances that justified the neglect of the party or attorney." Id., citing Kay v. Marc Glassman,Inc. (1996), 76 Ohio St.3d 18, 20. Therefore, under Civ.R. 6(B)(2), the trial court had to decide whether there was excusable neglect that would have permitted appellants to respond to the request for admissions beyond January 29, 2007.
 {¶ 44} In order to justify the untimely response, appellants' counsel asserts he prepared the responses to the request for admissions on Sunday, January 28, 2007. The responses were placed on his paralegal's desk for service, but the paralegal "inadvertently misplaced them as he was sorting through other documents in a complex environmental case on January 29, 2007." Appellants claim that this inadvertent misfiling delay constitutes excusable neglect.
 {¶ 45} Under the facts and circumstances of the instant case, we determine the trial court reasonably concluded that appellants' counsel's inadvertence to respond to the request for admissions did not constitute excusable neglect. Therefore, an extension of time to respond to the request for admissions was not justified. Appellants' counsel was served with the request for admissions on November 18, 2007. The responses to the request for admissions were due on December 22, 2006. After two extensions of time, the responses were due on January 29, 2007. However, appellants' attorney never responded to the request for admissions. *Page 12 
 {¶ 46} Moreover, while appellants' counsel averred that he received appellee's motion for summary judgment on February 7, 2007, he did not learn of, or read, appellee's motion for summary judgment until February 11, 2007. Appellants' counsel cites to other legal obligations as the reason for the delay. Furthermore, although appellants' counsel read appellee's motion for summary judgment on February 11, 2007, he did not respond until February 20, 2007. Again, appellants' counsel cites to other legal obligations for the delay.
 {¶ 47} Applying the law to the facts of this case, we cannot say that the trial court abused its discretion under the standards set forth herein. Accordingly, the second assignment of error is without merit.
 {¶ 48} Appellants' third assignment of error states:
 {¶ 49} "The trial court erred in granting summary judgment to the appellee."
 {¶ 50} In order for a motion for summary judgment to be granted, the moving party must prove:
 {¶ 51} "(1) [N]o genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v.Eckstein (1996), 76 Ohio St.3d 383, 385. (Citation omitted.)
 {¶ 52} Summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material *Page 13 
fact * * *." Civ.R. 56(C). (Emphasis added.) Material facts are those that might affect the outcome of the suit under the governing law of the case. Turner v. Turner (1993), 67 Ohio St.3d 337, 340, quotingAnderson v. Liberty Lobby, Inc., (1986), 477 U.S. 242, 248.
 {¶ 53} If the moving party meets this burden, the nonmoving party must then provide evidence illustrating a genuine issue of material fact, pursuant to Civ.R. 56(E). Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Civ.R. 56(E), provides:
 {¶ 54} "When a motion for summary judgment is made and supported asprovided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." (Emphasis added.)
 {¶ 55} Summary judgment is appropriate pursuant to Civ.R. 56(E), if the nonmoving party does not meet this burden.
 {¶ 56} Appellate courts review a trial court's grant of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Brewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378,383, citing Dupler v. Mansfield Journal (1980), 64 Ohio St.2d 116,119-120.
 {¶ 57} The Supreme Court of Ohio has held that the failure to respond to requests for admissions renders the matter requested conclusively established for the *Page 14 
purpose of the suit. Cleveland Trust Co. v. Willis, supra, at 67. "A request for admission can be used to establish a fact, even if it goes to the heart of the case." Id. This court has previously held, "unanswered requests for admissions are a written admission fulfilling the requirements for summary judgment, pursuant to Civ.R. 56." Balli v.Zukowski, 11th Dist. No. 2004-G-2560, 2004-Ohio-6702, at ¶ 36.
 {¶ 58} Appellants' complaint alleges appellee "caused, permitted and allowed a dangerous condition to develop and exist at the service entrance including, without limitation, an unnatural accumulation of ice." Further, "the service entrance was unreasonably dangerous on February 3, 2003 at 10:00 a.m., and William Whitehouse slipped and fell as a direct and proximate result of the dangerous conditions which Defendants allowed to develop at the service entrance and which they knew, or should have known about, but negligently failed to take steps to abate or to warn persons such as William Whitehouse."
 {¶ 59} In the instant case, the unanswered request for admissions establish that the ice upon which Mr. Whitehouse slipped was an open and obvious danger; Mr. Whitehouse observed the ice upon which he slipped prior to stepping on the ice; the ice upon which Mr. Whitehouse slipped was the result of a natural accumulation of ice and/or snow; the service entrance was not unreasonably dangerous on February 3, 2003; prior to the incident, Mr. Whitehouse was aware of the potential dangers of slipping and falling on ice; and Mr. Whitehouse assumed the risk of slipping and falling on ice when he decided to step onto the ice near the service entrance.
 {¶ 60} In appellants' brief, they concede that unanswered requests for admissions may be considered written admissions under Civ.R. 56(C). However, *Page 15 
appellants argue that the default admissions were not material facts, and a genuine issue of material fact exists. Appellants assert the above admissions do not satisfy the evidentiary burden for summary judgment purposes. In support of this argument, appellants claim their complaint merely stated Mr. Whitehouse slipped and fell on a "dangerous condition" at the service entrance of appellee's establishment, which included an unnatural accumulation of ice. It did not state Mr. Whitehouse slipped and fell on ice per se.
 {¶ 61} Appellants allege that appellee was negligent in connection with the fall of Mr. Whitehouse. In order to succeed on this claim, they must prove an existence of a duty, a breach of the duty, and an injury proximately resulting from the breach. The duty of the defendant, however, "depends on the relationship between the parties and the forseeability of injury to someone in the plaintiffs position."Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 645. (Citations omitted.)
 {¶ 62} In the instant case, Mr. Whitehouse, while in the scope of his employment, was delivering produce to appellee. Therefore, Mr. Whitehouse was an invitee. "[B]usiness invitees are those persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." Baldauf v. KentState Univ. (1988), 49 Ohio App.3d 46, 47. Also, an invitee is anyone who is expressly or impliedly invited to come upon the premises.Englehardt v. Philipps (1939), 136 Ohio St. 73, 77. "The general rule is that if one comes upon the premises with the owner's consent, for some purpose in which the owner may be interested, he is deemed to have been expressly or impliedly invited." Blair v. Ohio Dept. of Rehab. *Page 16 Corr. (1989), 61 Ohio Misc.2d 649, 654, citing Hager v. Cleveland TrustCo. (1928), 29 Ohio App. 32.
 {¶ 63} In Baldauf v. Kent State Univ., the court noted, "`[i]n order to recover from the occupier of premises for personal injuries sustained in a fall claimed to have been caused by the condition of those premises, a business invitee must allege and prove that the fall was proximately caused by some unreasonably dangerous condition of the premises.'" Baldauf v. Kent State Univ., 49 Ohio App.3d at 48, quotingSmith v. United Properties, Inc. (1965), 2 Ohio St.2d 310, 316. (Emphasis added by Tenth District.) In addition, the plaintiff must prove the defendant was aware or on notice of the unreasonably dangerous condition. Butch v. Univ. of Cincinnati (1997), 90 Ohio Misc.2d 28, 30. "Even in those cases in which actual or imputed notice of a defect is not required, it is first necessary to establish that an unreasonably dangerous condition, i.e., a duty, actually did exist." Bond v.Mathias (Mar. 17, 1995), 11th Dist No. 94-T-5081, 1995 Ohio App. LEXIS 979, at *8. (Citation omitted.)
 {¶ 64} Appellee, in the motion for summary judgment, attached a copy of the request for admissions, which appellants' failed to answer. The unanswered request for admissions in this case conclusively established that the service entrance was not unreasonably dangerous on February 3, 2003. As such, appellee, as the moving party, satisfied the burden of putting evidence forth which demonstrated an absence of a genuine issue of material fact.
 {¶ 65} In order to support their argument that a genuine issue of material fact did exist, appellants put forth a self-serving affidavit of Mr. Whitehouse. In his affidavit, Mr. Whitehouse stated: *Page 17 
 {¶ 66} "[W]hen I got to the top of the ramp I banged on the door to get the attention of someone inside. A young man named Dave opened the door for me. * * * As I pulled the dolly in, I slipped on the floor, fell onto my back, and the cases of produce fell over onto me. The man named Dave helped me up. I examined the floor and found it to be very slippery. Someone had spilled something on the floor which made it very slippery. I had my work boots on. I had never before encountered such a slippery floor in that establishment. I am certain that I did not slip on water and that some foreign material had been spilled on the floor."
 {¶ 67} The affidavit of Mr. Whitehouse was not presented with the initial memorandum in opposition of summary judgment. This self-serving affidavit was attached to appellants' supplemental memorandum and evidence in opposition to appellee's motion for summary judgment. In fact, in their initial memorandum in opposition of summary judgment, appellants stated, "[p]laintiffs, who are husband and wife, alleged that on February 3, 2003, William Whitehouse sustained serious bodily injuries when he slipped on a dangerous and unnatural accumulation ofice at the service entrance to Defendant's restaurant while making a delivery of produce at about 10:00 a.m." (Emphasis added.) Further, this same assertion was reiterated in appellants' counsel's affidavit provided in opposition of summary judgment which read, "[m]y clients' Complaint alleged that on February 3, 2003 William Whitehouse sustained bodily injuries when he slipped on a `dangerous and unnatural accumulation of ice.'"
 {¶ 68} The affidavit of Mr. Whitehouse is nothing more than a self-serving affidavit that contradicts much of what he had previously alleged. Such evidence will not be adequate under Civ.R. 56 to create a genuine issue of material fact. *Page 18 
 {¶ 69} "This court has previously held that a nonmoving party may not avoid summary judgment by merely submitting a self-serving affidavit contradicting the evidence offered by the moving party. * * * This rule is based upon judicial economy: Permitting a nonmoving party to avoid summary judgment by asserting nothing more than `bald contradictions of the evidence offered by the moving party' would necessarily abrogate the utility of the summary judgment exercise. * * * Courts would be unable to use Civ.R. 56 as a means of assessing the merits of a claim at an early state of the litigation and unnecessary dilate the civil process."Greaney v. Ohio Turnpike Comm., 11th Dist. No. 2005-P-0012,2005-Ohio-5284, at ¶ 16. (Internal citations omitted.)
 {¶ 70} In summary, appellants failed to rebut appellee's motion for summary judgment with anything other than a self-serving affidavit of Mr. Whitehouse, which is insufficient to affirmatively demonstrate a genuine issue of material fact. In addition, this affidavit contradicted appellants' assertions previously made in pleadings presented to the trial court. Appellants did not present any additional evidence to illustrate their claim of negligence. Consequently, the trial court properly entered summary judgment in favor of appellee, as no genuine issue of material fact exists.
 {¶ 71} Furthermore, based on the admissions, the ice upon which Mr. Whitehouse slipped was the result of a natural accumulation of ice and/or snow. In Ohio, the hazards of ice and snow are a part of winter.Lopatkovich v. Tiffin (1986), 28 Ohio St.3d 204, 206-207. This court has noted, "[i]n Ohio, no liability will attach to the occupier of premises for a slip and fall occurring due to natural accumulations of ice and snow, these being deemed open and obvious hazards in Ohio's climate, from which persons entering the premises must protect themselves."Sherwood v. Mentor Corners *Page 19 Ltd. Partnership, 11th Dist. No. 2006-L-020, 2006-Ohio-6865, at ¶ 13. Therefore, this admission is also sufficient to enter summary judgment in favor of appellee.
 {¶ 72} Next, even if Mr. Whitehouse slipped on the "unnatural accumulation of ice," summary judgment was still appropriate. It was established the ice upon which Mr. Whitehouse slipped was an open and obvious danger. Under the open and obvious doctrine, the owner of a premises does not owe a duty to persons entering those premises regarding dangers that are open and obvious. Sidle v. Humphrey (1968),13 Ohio St.2d 45, 48 (Citations omitted.); See, also, Armstrong v. BestBuy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 13. "`[T]he open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.'" Armstrong, supra, at ¶ 5, quoting Simmers v.Bentley Constr. Co., 64 Ohio St.3d at 644. When the open and obvious doctrine is applicable, it "obviates the duty to warn and acts as a complete bar to recovery." Armstrong, supra, at ¶ 5. Therefore, based on this doctrine, it is clear that appellee owed no duty to Mr. Whitehouse, and appellee is entitled to judgment as a matter of law.
 {¶ 73} Therefore, appellants' third assignment of error is without merit.
 {¶ 74} The judgment of the trial court is hereby affirmed.
CYNTHIA WESTCOTT RICE, P.J., concurs,
 DIANE V. GRENDELL, J., dissents. *Page 1