[Cite as *Ohio CAT v. Stoneman*, 2015-Ohio-3546.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**


OHIO CAT,                                                  :         **O P I N I O N**

             Plaintiff-Appellee,              :

           - vs -                                        :         **CASE NO. 2014-T-0054**

WILLIAM A. STONEMAN                     :
d.b.a. STONEMAN FARMS,

             Defendant-Appellant.            :


Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2013 CV 2169.

Judgment: Reversed and remanded.


*Kevin L. String*, 23 North Franklin Street, Suite 11, Chagrin Falls, OH 44022 (For Plaintiff-Appellee).

*T. Robert Bricker*, T. Robert Bricker, L.L.C., 106 South Broad Street, Canfield, OH 44406 (For Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1}    Appellant, William A. Stoneman, d.b.a. Stoneman Farms, appeals the judgment of the Trumbull County Court of Common Pleas granting the motion for summary judgment of appellee, Ohio CAT.  For the reasons that follow, we reverse and remand the judgment of the trial court.

{¶2} Appellee filed a complaint against appellant alleging it conducted business with appellant and sought $64,877.21 on claims of an account stated and unjust enrichment. Appellant filed an answer.

{¶3} On February 26, 2014, appellee filed a motion to compel due to a complete lack of response to its propounded discovery requests, including requests for admission, served on January 8, 2014. In its motion to compel, appellee noted that it had provided appellant with two reminder requests via electronic mail.

{¶4} The first status conference was held on March 11, 2014. At this conference, appellant advised the court that responses to discovery were almost complete and would immediately be delivered to appellee's counsel.

{¶5} On March 28, 2014, prior to appellant's untimely filing of answers to the request for admissions, appellee moved for summary judgment, arguing that Civ.R. 36 required the request for admissions be deemed admitted. Appellant failed to respond to the following request for admissions:

> [1.] Admit that Defendant signed Rental Agreement attached hereto as Plaintiff's Exhibit B on or about April 9, 2012.
>
> [2.] Admit that Defendant rented the equipment from Plaintiff represented in Plaintiff's Exhibit C * * *.
>
> [3.] Admit that Plaintiff provided all equipment described in Plaintiff's Exhibit C during the dates also set forth on each invoice.
>
> [4.] Admit Defendant failed to pay in full or partially for any of the rented equipment set forth in Plaintiff's Exhibit C.
>
> [5.] Admit that Defendant owes Plaintiff for the amounts invoiced in Plaintiff's Exhibit C.
>
> [6.] Admit Defendant did business with Plaintiff as the proprietor Stoneman Farms.

**{¶6}** The above-referenced "Exhibit C" was not attached to appellee's motion for summary judgment. Appellee did, however, attach an affidavit. The affiant's name and title, however, are handwritten. Neither the name nor the title are readily discernible. The affiant averred the following:

> [B]eing first duly sworn according to law, and upon my personal belief deposes and says that STONEMAN FARMS is justly indebted to OHIO CAT in the amount of $64,877.21.
>
> I further swear that there is no set off, credit by payment of return, or by law or equity against the aforesaid balance due.
>
> I further swear that all credits and allowances known to exist have heretofore been granted and applied.
>
> To the best information and belief, OHIO CAT, WILLIAM A. STONEMAN is not in the military service at this time.
>
> The amount now due and payable as taken from the books and records of original entry is $64,877.21.

**{¶7}** Appellee argued that based upon such admissions and the attached affidavit, it was entitled to judgment as a matter of law as no genuine issue as to any material fact remained. *See* Civ.R. 56(C).

**{¶8}** Appellant, on May 9, 2014, filed an untitled motion with the trial court. In the body of the untitled motion, appellant maintains that appellee's motion for summary judgment should be denied as appellant completed the discovery and filed the same on April 3, 2014. Appellant's counsel claimed that although the discovery responses were typed, they were inadvertently not forwarded to appellee's counsel. Appellant's counsel also claimed that appellee failed to mitigate its losses and that appellant was a debtor in a bankruptcy proceeding. Appellant attached a document referred to as his affidavit; this document, however, was not notarized. Appellant filed a second untitled motion

3

with the trial court the same day and attached the now-answered admissions. This second untitled motion requested the trial court consider the now-answered, albeit untimely, response to the request for admissions.

{¶9} Appellee filed "a reply brief to defendant's untitled brief in opposition to summary judgment" and "brief in opposition to defendant's untitled motion to deem plaintiff's discovery answered." Appellee, for the first time, attached an "Exhibit C," which were copies of the 13 monthly lease invoices referred to in appellee's request for admissions. Appellee also attached "Exhibit B," which was a copy of the rental agreement between the parties.

{¶10} The trial court entered judgment against appellant in the amount of $64,877.21, plus statutory interest. The judgment entry reasoned: "The Court agrees with the Plaintiff that the Defendant's purported (undated and un-notarized) 'affidavit' and discovery responses were untimely. More importantly, those untimely responses and 'affidavit' do not comply with the requirements of the Ohio Civil Rules of Procedure and do not rebut Plaintiff's motion."

{¶11} Appellant filed a timely notice of appeal and asserts two assignments of error. His first assignment of error states:

{¶12} "The trial court abused its discretion in denying appellants permission to amend their responses to requests for admission."

{¶13} Requests for admission are governed by Civ.R. 36, which provides, in pertinent part:

(A) Availability; Procedures for use.

(1) Each matter of which an admission is requested shall be separately set forth. The party to whom the requests for admissions

4

have been directed shall quote each request for admission immediately preceding the corresponding answer or objection. The matter is admitted unless, within a period designated in the request, * * * the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

(B) Effect of admission.

Any matter admitted under this rule is conclusively established *unless the court on motion permits withdrawal or amendment of the admission.* Subject to the provisions of Civ.R. 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits. (Emphasis added.)

{¶14} When a party fails to timely respond to the request for admissions, "the admissions [become] facts of record which the court must recognize." *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67 (1985). It is within the trial court's discretion whether it will allow the withdrawal of admissions. *Szigeti v. Loss Realty Group*, 6th Dist. Lucas No. L-03-1160, 2004-Ohio-1339, ¶19. Further, whether to accept the filing of late responses to requests for admissions is also within the trial court's discretion. *Sandler v. Gossick*, 87 Ohio App.3d 372, 378 (8th Dist.1993) (citations omitted).

{¶15} At the outset, we recognize that in its brief appellee maintains that appellant did not properly seek to amend the admissions deemed admitted because a proper motion was not filed by appellant in the trial court, as required by Civ.R. 36(B). The Supreme Court of Ohio, however, has recognized that Civ.R. 36(B) neither requires a written motion to be filed nor specifies when such motion must be filed; "by contesting the truth of the Civ.R. 36(A) admissions for the purposes of summary judgment, [the defendant] satisfied the requirement of Civ.R. 36(B) that she move the trial court to

5

withdraw or amend these admissions." *Balson v. Dodds*, 62 Ohio St.2d 287, 290 fn.2 (1980). The rule, thus, leaves such matters to the discretion of the trial court. *Id.*

{¶16} We recognize that appellate districts have responded differently to the Ohio Supreme Court's decision in *Cleveland Trust Co.*, which stated:

> Civ.R. 36 requires that when requests for admissions are filed by a party, the opposing party must timely respond either by objection or answer. Failure to respond at all to the requests will result in the requests becoming admissions. Under compelling circumstances, the court may allow untimely replies to avoid the admissions.

*Cleveland Trust*, *supra*, at 67.

{¶17} For example, on appeal, appellant cites *Kutscherousky v. Integrated Communications Solutions, LLC,* 5th Dist. Stark No. 2004 CA 00338, 2005-Ohio-4275*,* where the Fifth Appellate District found the trial court abused its discretion by not permitting withdrawal of the admissions when the appellant was nine days late in answering a request for admissions. The Fifth Appellate District stated the test for withdrawal or amendment of admissions has two prongs: "[f]irst, the court must look to whether the 'presentation of the merits will be subserved' by allowing the amendment. Second, the court must address whether the withdrawal will prejudice the party that has obtained the admissions." *Id.* at ¶18. The *Kutscherousky* Court noted that because both prongs of the test were satisfied, the trial court erred in granting the appellee's motion to deem request for admissions admitted and further erred when it denied the motion to withdraw said admissions. *Id.* at ¶18-30.

{¶18} In *Whitehouse v. The Customer is Everything!, Ltd*, 11th Dist. Lake No. 2007-L-069, 2007-Ohio-6936, this court discussed the Fifth District's opinion in *Kutscherousky*. In *Whitehouse*, this court observed Judge Wise's dissent in

6

*Kutscherousky,* recognizing that the party seeking withdrawal of the admissions must set forth "'compelling circumstances'" in support of the request, as recognized by the Supreme Court of Ohio. *Id.* at ¶30 citing *Kutscherousky*, *supra*, at ¶48, (Wise, J., concurring in part and dissenting in part). *See also Cleveland Trust, supra,* at 67. This requirement is in addition to those set forth in Civ.R. 36(B). *Whitehouse, supra*, at ¶30.

{¶19} The Second Appellate District recently released *Crespo v. Harvey*, 2d Dist. Montgomery No. 25861, 2014-Ohio-1755. The *Crespo* court discussed the responses of the appellate districts to *Willis*. The court stated:

> The majority of the districts that have been confronted with the issue have determined the movant must demonstrate compelling circumstances to withdraw his or her admissions. * * * The Fifth and Sixth Districts, however, have determined that the prejudice the non-moving party experiences must be weighed against the moving party's compelling circumstances for not responding in time.

*Id.* at ¶20.

{¶20} The Second District, in *Crespo*, discussed both approaches and held "the only requirements [of Civ.R. 36(B)] are that the withdrawal aid in reaching the merits and that the non-moving party is not prejudiced by the withdrawal or amendment." *Id.* at ¶21.

{¶21} In discussing Civ.R. 36(B), Judge Fain, in a concurring opinion, observed: "there will be cases lying somewhere midway between these extremes, in which a reasonable trial court, exercising its sound discretion, could either sustain or overrule the motion." *Id.* at ¶31 (Fain, J., concurring).

{¶22} In this case, the trial court's ruling under the circumstances was inherently reasonable. Appellant failed to provide appellee with timely responses to the propounded requests for admissions despite being reminded two times by opposing

7

counsel: appellee first e-mailed counsel and then sent a specific request as to when he could expect appellant to respond to the request for admissions. After these two reminders, appellee filed a motion to compel. While that was pending, a status conference was held where appellant notified both opposing counsel and the trial court that he would provide the answers to the request for admissions but, yet again, failed to do so. Therefore, appellee filed a motion for summary judgment based upon these admissions, which was granted by the trial court. This is a case which "falls between the two extremes" and therefore permits the trial court to exercise its discretion.

{¶23} We emphasize that the manner and specifics with which a trial court directs and controls discovery in its civil cases rests within the sound discretion of the trial court. Unless the trial court has abused its discretion, an appellate court will not disturb a trial court's decision in this regard. Under these circumstances, we cannot say the trial court abused its discretion in deeming the requests admitted.

{¶24} Appellant's first assignment of error is without merit.

{¶25} Appellant's second assignment of error states:

{¶26} "The trial court erred in granting summary judgment in favor of appellee."

{¶27} In order for a motion for summary judgment to be granted, the moving party must prove:

> (1) [N]o genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.

*Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996) (citation omitted).

8

{¶28} Summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact * * *." Civ.R. 56(C). Material facts are those that might affect the outcome of the suit under the governing law of the case. *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

{¶29} If the moving party meets this burden, the nonmoving party must then provide evidence illustrating a genuine issue of material fact, pursuant to Civ.R. 56(E). *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Civ.R. 56(E) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

Summary judgment is appropriate pursuant to Civ.R. 56(E), if the burden has shifted and the nonmoving party does not meet this reciprocal burden.

{¶30} Appellate courts review a trial court's grant of summary judgment de novo. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711 (4th Dist.1993). "*De novo* review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist.1997), citing *Dupler v. Mansfield Journal Co., Inc.*, 64 Ohio St.2d 116, 119-120 (1980).

9

{¶31} To support its motion for summary judgment, appellee attached a copy of the discovery requests propounded on appellant, including the request for admissions and the aforementioned affidavit.

{¶32} With respect to the failure to respond to requests for admissions, the Ohio Supreme Court has held the failure to respond renders the matter requested conclusively established for the purpose of the suit. *Willis*, *supra*, at 67. "A request for admission can be used to establish a fact, even if it goes to the heart of the case." *Id.* This court has previously held, "unanswered requests for admissions are a written admission fulfilling the requirements for summary judgment, pursuant to Civ.R. 56." *Balli v. Zukowski,* 11th Dist. Geauga No. 2004-G-2560, 2004-Ohio-6702, ¶36.

{¶33} Appellee, in the motion for summary judgment, attached a copy of the request for admissions, which appellant failed to answer. The unanswered request for admissions in this case establishes, inter alia, that appellant owes appellee the amount invoiced in the referenced Exhibit C and that appellant failed to pay in full, or partially, for any of the rented equipment set forth in the referenced Exhibit C. Appellee, however, did not attach Exhibit C, as referenced in the request for admissions, to its motion for summary judgment. After appellant filed his memorandum in opposition to appellee's motion for summary judgment, appellee filed a reply brief attaching Exhibit B, the rental agreement between the parties, and Exhibit C, 13 pages of monthly invoices. These monthly invoices, however, establish that appellant owes appellee $60,880 not $64,877.21 — the amount of the judgment.

{¶34} Furthermore, the affidavit attached to appellee's motion for summary judgment is not consistent with the aggregate of invoices presented as Exhibit C. The

10

affidavit, in a conclusory fashion, avers that appellee is owed the amount of $64,877.21, as sought in the complaint. As an aside, we note the affiant's status and relationship to appellee is not stated. It is not made based on the affiant's personal knowledge of the facts, but based upon his "belief" of the facts. The issue is not what the affiant believes, but what the affiant knows. The affidavit in this case fails to connect the affiant to appellee, and as a result, it is not clear how the affiant would have any personal knowledge to the matters attested. Civil Rule 56(E) provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."

{¶35} Appellee, as the moving party, failed to meet its burden of demonstrating an absence of genuine issues of material fact. Appellee put forth contradictory evidence as to the exact amount owed by appellant; i.e., the request for admissions' Exhibit C indicates appellant owes appellee $60,880, while the affidavit claims appellant owes $64,877.21. Because appellee failed to meet its burden as required by Civ.R. 56, the trial court erred in granting summary judgment in favor of appellee for $64,877.21. Appellant's second assignment of error has merit.

{¶36} The judgment of the Trumbull County Court of Common Pleas is hereby reversed and remanded for proceedings consistent with the opinion of this court.


COLLEEN MARY O'TOOLE, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.

11