[Cite as *Yoder v. Bennett*, 2015-Ohio-3752.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

RICHARD YODER, et al.

    Appellants

    v.

KRISTIN BENNETT

    Appellee

C.A. No.    27667

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    14 CV 03023

DECISION AND JOURNAL ENTRY

Dated: September 16, 2015

HENSAL, Presiding Judge.

{¶1}  Richard Yoder and Tammy Yoder have appealed the Akron Municipal Court's decision entering judgment in favor of their daughter Kristin Bennett. For the reasons set forth below, we affirm.

I.

{¶2}  The Yoders filed a complaint against Ms. Bennett alleging that she had engaged in abuse of process by initiating a proceeding in the Summit County Juvenile Court concerning the Yoders' custody of Ms. Bennett's daughter. Within their complaint, the Yoders also included a request for admissions. On May 29, 2014, Ms. Bennett filed an answer denying the allegations in the complaint and her answers to the request for admissions.

{¶3}  The matter proceeded to a hearing before the magistrate, at which time the Yoders' informed the magistrate that Ms. Bennett had never served her answers to their request for admissions and noted that Ms. Bennett had also not signed a proof of service on the answers

she had filed with the court. Therefore, they argued, the matters were deemed admitted pursuant to Civil Rule 36(A)(1). The magistrate took the issue under advisement but proceeded with the hearing since both parties had their witnesses present.

{¶4} The magistrate issued a decision in favor of Ms. Bennett, and the Yoders objected, arguing that the magistrate had improperly disregarded Ms. Bennett's admissions. The trial court sustained the Yoders' objection, determining that Ms. Bennett had failed to comply with the requirements of Civil Rule 36(A). Nevertheless, the trial court entered judgment in favor of Ms. Bennett after construing Ms. Bennett's "act of filing her completed answers to [the Yoders'] Request for Admissions, appearing at the hearing, and requesting to present contrary evidence at trial [as] a Motion to Withdraw."

{¶5} The Yoders have appealed, raising six assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY NOT TREATING THE REQUESTS FOR AD- (SIC) ATTACHED TO AND SERVED WITH THE COMPLAINT AS ADMITTED.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY DECIDING THAT YODERS HAD IMPROPERLY SERVED THE REQUESTS FOR ADMISSION WHEN THEY PROPERLY FOLLOWED CIVIL RULE 36 AND BENNETT NEVER COMPLAINED ABOUT THE METHOD NOR FILED ANY OBJECTION TO THESE REQUESTS.

### ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED DECIDING THAT THE YODERS HAD IMPROPERLY SERVED THE REQUESTS FOR ADMISSION WHEN THEY PROPERLY FOLLOWED CIV. R. 36 AND BENNETT NEVER

COMPLAINED ABOUT THE METHOD NOR FILED ANY OBJECTION TO THESE REQUESTS.[1]

{¶6} The Yoders argue in their first, fourth, and fifth assignments of error that the trial court erred when it did not treat the request for admissions as admitted. However, the trial court did treat the request for admissions as admitted; it just permitted Ms. Bennett to withdraw the admissions. Accordingly, the Yoders' first, fourth, and fifth assignments of error are overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT MISTOOK THE UNSIGNED, UNTIMELY AND PROOF-OF-SERVICE-LACKING FILING BY THE APPELLEE, BENNETT, AS A MOTION TO WITHDRAW THE REQUESTS FOR ADMISSION.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN ITS FINDING THAT IT COULD IGNORE THAT THE REQUESTS FOR ADMISSION SERVED UPON BENNETT WITH THE COMPLAINT BECAUSE BENNETT HAD FILED A MOTION TO WITHDRAW.

ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED WHEN IT DECIDED THERE WAS NO PREJUDICE TO THE YODERS BY NOT GRANTING THEM THE REQUEST FOR ADMISSION BEING ADMITTED.

{¶7} In the Yoders' second, third, and sixth assignment of error, they argue that the trial court erred when it permitted Ms. Bennett to withdraw her admissions. Specifically, they argue that Ms. Bennett never moved to withdraw her admissions and, therefore, the trial court essentially operated on its own volition when it withdrew Ms. Bennet's admissions.

{¶8} Pursuant to Civil Rule 36(A), "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ.R. 26(B) set forth in the request, that relate to statements or opinions of

---

[1] The Yoders repeat their fourth and fifth assignments of error essentially verbatim in their brief.

fact or of the application of law to fact, including the genuineness of any documents described in the request."

> The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Civ.R. 36(A)(1). Nevertheless, "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits." Civ.R. 36(B). A trial court's decision permitting or denying a request to withdraw an admission is reviewed for an abuse of discretion. *L.E. Sommer Kidron, Inc. v. Kohler*, 9th Dist. Wayne No. 06CA0044, 2007-Ohio-885, ¶ 46. Abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9} The Yoders argue that the trial court abused its discretion when it permitted Ms. Bennett to withdraw her admissions because she had never requested to withdraw them. While Ms. Bennett did not explicitly request to withdraw her admissions, the trial court interpreted her "act of filing her completed answers to [the Yoders'] Request for Admissions, appearing at the hearing, and requesting to present contrary evidence at trial [as] a Motion to Withdraw." However, the Yoders argue, former Civil Rule 5(B)(3) prohibited the trial court from considering the answers filed by Ms. Bennett because Ms. Bennett did not sign a certificate of service for the answers.

{¶10} Although the trial court did mention Ms. Bennett's unsigned response to the request for admissions, it also noted that Ms. Bennett had appeared at the hearing and requested

to present evidence contrary to the admissions. Courts have generally acknowledged that the challenging of the truth of the admissions may be treated as an implicit motion to withdraw. *See, e.g., Balson v. Dodds*, 62 Ohio St.2d 287, 290 (1980), fn. 2 ("[T]he trial court could reasonably find that, by contesting the truth of the Civ.R. 36(A) admissions for the purposes of summary judgment, appellee satisfied the requirement of Civ.R. 36(B) that she move the trial court to withdraw or amend these admissions."). *See also Ohio CAT v. Stoneman*, 11th Dist. Trumbull, 2014-Ohio-T-0054, 2015-Ohio-3546, ¶ 15 (citing *Balson* with approval). Thus, the trial court could have reasonably determined that a motion to withdraw was before it without considering the unsigned document filed with the court. In any case, upon review of the trial court's entry, we conclude that any reference by the court to the unsigned response to the request for admissions was harmless error under the circumstances of this case and also conclude that the trial court did not abuse its discretion in construing Ms. Bennett's actions as an implicit motion to withdraw the admissions. *See Balson* at 290, fn. 2.

{¶11} The Yoders also argue that the trial court abused its discretion by permitting Ms. Bennett to withdraw the admissions because the act prejudiced them. Specifically, the Yoders argue that they were prejudiced because, through the admissions, Ms. Bennett had conceded the entire case. "As this Court has previously recognized, '[w]hile Civ.R. 36(B) emphasizes the importance of resolving a case on the merits, it also assures each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.'" *Heiland v. Smith*, 9th Dist. Lorain No. 11CA010137, 2013-Ohio-134, ¶ 16, quoting (Internal quotations and citation omitted in *Heiland*.) *L.E. Sommer Kidron, Inc.*, 2007-Ohio-885, at ¶ 53. *See also* Civ.R. 36(B). However, the Yoders do not argue or suggest that their reliance on the admissions prevented them from fully presenting their case against Ms. Bennett.

**{¶12}** Because the magistrate questioned whether she could consider the admissions, the Yoders went forward with trial. They did not argue before the magistrate that, if the admissions were not admitted or otherwise withdrawn, they would need additional time to conduct further discovery or that their discovery had been limited as a result of the admissions, nor do they make those arguments on appeal. Furthermore, the Yoders bore the burden of establishing the prejudice. *See* Civ.R. 36(B). Under the circumstances, where a full hearing was held and there was no indication that the Yoders needed additional time for discovery or to otherwise prepare, we cannot conclude that the trial court abused its discretion when it determined that the Yoders had not met their burden to establish that they would be prejudiced by the withdrawal of the admissions. *Compare with Heiland* at ¶ 14-17 (concluding that the trial court had abused its discretion in permitting a party to withdraw their admissions and then immediately granting summary judgment in favor of that party when the opposing party had relied upon the admissions in his opposition to summary judgment).

**{¶13}** Accordingly, the Yoders' second, third and sixth assignments of error are overruled.

III.

**{¶14}** The Yoders' assignments of error are overruled, and the judgment of Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

W. LOVE, II, Attorney at Law, for Appellants.

KRISTIN BENNET, pro se, Appellee.