[Cite as *Ezzo v. Ezzo*, **2019-Ohio-2395.**]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| SYLVIA EZZO, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2018-A-0059** |
| NICHOLAS EZZO, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CV 00597.

Judgment: Affirmed in part, reversed in part, and remanded.

*Samuel L. Altier*, 1027 Lake Avenue, Ashtabula, OH 44004 (For Plaintiffs-Appellees).

*Plato Kalfas*, 203 South Bon Air Avenue, Youngstown, OH 44509 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Nicholas Ezzo, appeals from a June 27, 2018 entry of the Ashtabula County Court of Common Pleas. The trial court granted judgment in favor of appellees, Sylvia Ezzo, Thomas Ezzo, and Deborah Kametz, on their complaint for forcible entry and detainer and against Nicholas on his counterclaim for breach of contract and specific performance. The issues on appeal relate to the denial of Nicholas's motion for summary judgment and the admission at trial of Sylvia's prior testimony. The judgment is affirmed in part, reversed in part, and the matter is remanded.

## Substantive History and Procedural Background

{¶2} Sylvia Ezzo, upon the death of her husband in 1992, became the sole owner of real property located on Fairview Drive in Conneaut, Ohio. Nicholas Ezzo, Sylvia's son, moved into the cottage on the property in 2003 and has lived there full time since June 2004. On or about July 19, 2010, Sylvia added to the survivorship deed her other son and daughter, Thomas Ezzo and Deborah Kametz.

{¶3} Sylvia and Deborah initiated a forcible entry and detainer action against Nicholas on August 24, 2016, in the Conneaut Municipal Court. Plaintiffs alleged they are the owners of the property and permitted Nicholas to reside there through an oral agreement, but they have now requested that he vacate the premises. They alleged Nicholas refused to vacate the premises and served him with notice on August 20, 2016. According to the complaint, Nicholas was to pay rent in the sum of $510 per month, plus a late fee of $76.50 if paid after the fifth day of the month. Plaintiffs alleged Nicholas had not paid rent since March 5, 2015, after numerous requests for payment. Plaintiffs demanded judgment against Nicholas for restitution of the property and for costs.

{¶4} Nicholas opposed the action and filed a counterclaim for specific performance of an alleged agreement with Sylvia to purchase the property. Nicholas also joined Thomas as a necessary party.

{¶5} In his counterclaim, Nicholas alleged that, at the time Sylvia was the sole owner of the property, she entered into an agreement with Nicholas to sell him the property for $37,000. He alleged that details of the sale were recorded in a journal kept by Sylvia and signed by both parties. Nicholas maintained that, two days after the agreement was made, he gave Sylvia a cashier's check for $12,000 of which $10,000

was the down payment for the purchase price. Sylvia allegedly accepted the check but never communicated to Nicholas how much the installment payments would be going forward. Nicholas alleged that he gave Sylvia a second cashier's check for $10,000 in August 2009 and that Sylvia stated the remaining amount owed on the purchase price was $17,000. At that time, Nicholas alleged, he also gave Sylvia $1,500 cash to cover his recent utility bills and then transferred the utility bills into his name. Nicholas further alleged that Sylvia added Deborah and Thomas to the deed, without his knowledge, on or about July 19, 2010. Since that time, Sylvia has allegedly refused to speak to Nicholas about the purchase agreement and refused to allow him access to the journal. He requested specific performance of the alleged contract with Sylvia to purchase the property.

{¶6} The case was transferred to the Ashtabula County Court of Common Pleas.

{¶7} On November 29, 2016, Nicholas filed a motion to enjoin transfer or encumbrance of the property, as he believed plaintiffs were attempting to sell the property.

{¶8} The magistrate held an injunction hearing on February 1, 2017. All parties appeared pro se and waived their right to have counsel present. The magistrate allowed each party to present their arguments solely as to the motion to enjoin. None of the parties were cross-examined. The magistrate overruled the motion to enjoin on February 3, 2017.

{¶9} On March 29, 2017, Nicholas sent to Sylvia interrogatories, a request for production of documents, and a request for admissions. Sylvia did not respond.

3

**{¶10}** Nicholas filed a motion to compel on June 12, 2017, which the magistrate granted on July 12, 2017. Sylvia was ordered to respond "forthwith." She did not respond.

**{¶11}** On August 3, 2017, Nicholas filed a motion for an order compelling Sylvia to appear and show cause why she should not be held in contempt for failing to comply with the July 12, 2017 order. The trial court set a show cause hearing for September 29, 2017.

**{¶12}** On August 21, 2017, Sylvia filed responses to the request for admissions, request for production of documents, and interrogatories. She also filed a notice of service, which was not signed.

**{¶13}** Nicholas filed a motion for summary judgment on August 24, 2017, based on Sylvia's failure to timely respond to his request for admissions and her failure to sign the notice of service. He asserted the admissions, by virtue of their untimeliness, had been conclusively established and were of such a nature as to eliminate all genuine issues of material fact. Nicholas attached to his motion Sylvia's discovery responses; his own notarized affidavit; a copy of an August 2009 cashier's check in the amount of $10,000, paid to the order of Sylvia from Nicholas, with the notation "payment for cottage" in the memo line; and a copy of the July 19, 2010 survivorship deed transferring the property from Sylvia to Sylvia, Deborah, and Thomas.

**{¶14}** Plaintiffs did not file a response to Nicholas's motion for summary judgment.

**{¶15}** A joint pretrial conference and motion hearing was held September 29, 2017. Sylvia did not appear; the other parties appeared pro se. The magistrate overruled Nicholas's motion to show cause on October 2, 2017, and the matter was set for trial to the court.

4

{¶16} Plaintiffs filed three motions for summary judgment. The first two were stricken on the basis that Thomas, a non-attorney, was attempting to represent his co-plaintiffs. The third was duly opposed by Nicholas.

{¶17} On November 13, 2017, the trial court overruled the cross-motions for summary judgment. The trial court stated:

> Here, the only undisputed facts are that the Defendant and Plaintiffs are immediate family members. The Defendant has been living in the cottage owned by Plaintiffs for a period of time, and the Plaintiffs are seeking his eviction. The circumstances surrounding this living arrangement and any monies that may or may not be owed form the crux of this case and are contested by the parties. This is a case where the material facts are in dispute and must be decided by the fact finder at trial. As a result, summary judgment is inappropriate in this case.

{¶18} Plaintiffs obtained counsel and, one day before trial, requested a continuance claiming Sylvia had recently fallen and struck her head. Counsel provided a letter from Sylvia's physician who opined that, "due to a multitude of medical conditions," travel to court "would be too taxing" and "could cause her more medical harm." The trial court overruled the motion to continue, finding the physician's letter "does not mention any head injury" and describes conditions that "appear to be chronic and long-standing, suggesting that it is unlikely she may ever be able to travel to court."

{¶19} Trial was held to the court on May 23, 2018. Sylvia was not present. Among others, testimony was received from Nicholas, Thomas, and Deborah.

{¶20} At the conclusion of trial, the trial court granted plaintiffs' counsel's request for two weeks to submit the transcript from the prior injunction hearing, "insofar as the testimony of Sylvia Ezzo is concerned."

**{¶21}** The trial court entered judgment on June 27, 2018. The court stated it had "received the testimony of the parties, including a transcript of testimony of Sylvia Ezzo, given at the injunction hearing in this case on February 1, 2017, as well as the testimony of witnesses offered by the parties and the exhibits." The court found (1) there was no evidence of a written agreement for the purchase and sale of the real property; (2) without some other evidence of a bona fide agreement to purchase the property, the two payments Nicholas made did not constitute partial performance so as to overcome the Statute of Frauds; and (3) Nicholas failed to establish promissory estoppel so as to overcome the Statute of Frauds.

**{¶22}** The court rendered judgment in favor of plaintiffs on their complaint for forcible entry and detainer; rendered judgment in favor of plaintiffs on Nicholas's counterclaim for specific performance; held plaintiffs are entitled to a writ of restitution of the property; and assessed costs against Nicholas. The trial court subsequently granted a stay of execution of eviction, and Nicholas posted bond in the amount of $3,600.

**{¶23}** Nicholas filed a timely notice of appeal and raises two assignments of error for our review.

**Denial of Nicholas's Motion for Summary Judgment**

**{¶24}** In his first assignment of error, Nicholas asserts:

> The trial court committed prejudicial error by denying Defendant-Appellant Nicholas Ezzo's Motion for Summary Judgment.

**{¶25}** Nicholas argues the trial court erred in denying his motion for summary judgment because Sylvia's failure to timely respond to his request for admissions rendered them conclusively established and were dispositive of his claim for relief, especially in light of plaintiffs' failure to respond to his motion. As a result, he maintains,

6

no genuine issues of material fact remained for trial, and he was entitled to judgment as a matter of law.

{¶26} "A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ.R. 26(B) set forth in the request, that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request." Civ.R. 36(A). "The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Civ.R. 36(A)(1).

{¶27} "Any matter admitted under this rule is conclusively established *unless* the court on motion permits withdrawal or amendment of the admission." Civ.R. 36(B) (emphasis added). "Subject to the provisions of Civ.R. 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits." *Id.*

{¶28} When a party fails to file a timely response to a request for admissions, it results in Civ.R. 36(A) admissions that must be recognized by the trial court. *Balson v. Dodds*, 62 Ohio St.2d 287, 290 (1980). It is within the trial court's discretion, however, to permit withdrawal or amendment of admissions when (1) presentation of the merits would be enhanced and (2) the opposing party fails to establish that the withdrawal or

7

amendment would prejudice him in maintaining his action on the merits. *Id.* at 290-291. In other words, the court is to focus on the effect upon litigation and prejudice to the opposing party, rather than on the moving party's excuse for why an admission was made in error. *Stevens v. Cox*, 6th Dist. Wood No. WD-08-020, 2009-Ohio-391, ¶51. *See also Cleveland Trust Co. v. Willis,* 20 Ohio St.3d 66, 67 (1985) ("Under compelling circumstances, the court may allow untimely replies to avoid the admissions.").

{¶29} Additionally, "Civ.R. 36(B) does not require that a written motion be filed, nor does it specify when such motion must be filed. Thus, the rule leaves such matters to the discretion of the trial court." *Balson, supra*, at 290, fn. 2. "Courts have generally acknowledged that the challenging of the truth of the admissions may be treated as an implicit motion to withdraw." *Yoder v. Bennett*, 9th Dist. Summit No. 27667, 2015-Ohio-3752, ¶10, citing *Balson, supra*, at 290, fn. 2 and *Ohio CAT v. Stoneman*, 11th Dist. Trumbull No. 2014-T-0054, 2015-Ohio-3546, ¶15.

{¶30} For example, in *Balson*, the plaintiff moved for summary judgment based on the defendant's failure to respond to a request for admissions. The defendant filed a late response, without requesting leave of court, and the trial court denied the plaintiff's motion for summary judgment. At the subsequent jury trial, a directed verdict was entered in favor of the defendant. The Supreme Court of Ohio held that the defendant's failure to file a timely response resulted in Civ.R. 36(A) admissions. *Balson, supra,* at 290. The trial court was permitted, however, to allow the defendant to withdraw those admissions even without a written motion. *Id.* at 290-291. According to the *Balson* Court, the trial court could reasonably have found "that, by contesting the truth of the Civ.R. 36(A) admissions for the purposes of summary judgment, appellee satisfied the requirement of

8

Civ.R. 36(B) that she move the trial court to withdraw or amend these admissions." *Id.* at fn. 2. *See also Ohio CAT*, *supra*, at ¶15 (where the plaintiff filed a motion for summary judgment based on Civ.R. 36(A) admissions, the defendant satisfied Civ.R. 36(B) by filing late responses in opposition to the plaintiff's motion); *Haskett v. Haskett*, 11th Dist. Lake No. 2011-L-155, 2013-Ohio-145, ¶24-25 (stating it is not error to deny a motion to confirm admissions because Civ.R. 36(B) may be satisfied, in the interest of justice, by the filing of late responses); and *6750 BMS, L.L.C. v. Drentlau*, 8th Dist. Cuyahoga No. 103409, 2016-Ohio-1385, ¶16-17 (holding it was not error to deny a motion to deem admissions admitted based on an alleged late response, even without a formal motion to withdraw).

{¶31} Here, Nicholas requested 20 admissions from Sylvia, which asked her to admit, inter alia, that she agreed to sell the premises to Nicholas for $37,000; that she accepted payments of $20,000 towards the purchase price; that the details of the sale were recorded in a journal; and that she disposed of that journal in bad faith. These issues go to the heart of the parties' respective claims. Therefore, presentation of the merits was enhanced by permitting Sylvia to effectively withdraw her admissions by filing an untimely response.

{¶32} Further, there is no evidence that Nicholas was prejudiced in maintaining his action on the merits: Sylvia's response was only three months late, approximately, and it was filed prior to the scheduled pretrial conference and prior to Nicholas's motion for summary judgment. "Preparing a motion for summary judgment on which the admissions are based is generally not seen as prejudice within the meaning of Civ.R. 36(B)." *Crespo v. Harvey*, 2d Dist. Montgomery No. 25861, 2014-Ohio-1755, ¶12.

9

**{¶33}** Finally, although Sylvia did not present an oral or written motion to withdraw her admissions or to file a late response, it was reasonable for the trial court to find that she had satisfied the Civ.R. 36(B) requirement by filing a late response, thereby contesting the truth of her Civ.R. 36(A) admissions. *See Balson*, *supra*, at 291 and fn. 2; *Ohio CAT, supra*, at ¶15.

**{¶34}** "We emphasize that the manner and specifics with which a trial court directs and controls discovery in its civil cases rests within the sound discretion of the trial court. Unless the trial court has abused its discretion, an appellate court will not disturb a trial court's decision in this regard." *Ohio CAT*, *supra*, at ¶23. The trial court did not abuse its discretion in accepting Sylvia's untimely response and, in effect, allowing her to withdraw her Civ.R. 36(A) admissions.

**{¶35}** Accordingly, we conclude the trial court did not err in overruling Nicholas's motion for summary judgment, as genuine issues of material fact remained for trial. *See* Civ.R. 56(C) ("A summary judgment shall not be rendered unless it appears from the evidence or stipulation * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.").

**{¶36}** Nicholas's first assignment of error is without merit.

### Admissibility of Sylvia's Prior Testimony

**{¶37}** In his second assignment of error, Nicholas asserts:

> The trial court committed prejudicial error by admitting and considering prior testimony of Plaintiff-Appellee Sylvia Ezzo due to the fact that the Defendant-Appellant Nicholas Ezzo did not have the opportunity to cross examine her.

10

**{¶38}** Nicholas argues the trial court erred in admitting and considering Sylvia's testimony from the injunction hearing as "former testimony" under the hearsay exception found in Evid.R. 804(B)(1) because he never had an opportunity to cross-examine her.

**{¶39}** "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). "Hearsay is not admissible except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio." Evid.R. 802.

**{¶40}** Pursuant to Evid.R. 804(B)(1), "former testimony" is not excluded by the hearsay rule if the declarant is unavailable as a witness. "Former testimony" is defined, in relevant part, as follows:

> Testimony given as a witness at another hearing of the same or a different proceeding * * * if the party against whom the testimony is now offered * * * had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. Testimony given at a preliminary hearing must satisfy the right to confrontation and exhibit indicia of reliability.

Thus, "Evid.R. 804(B)(1) bars the admission of former testimony against a party when that party or a predecessor-in-interest had no opportunity to examine the declarant at the prior proceeding." *Burkhart v. H.J. Heinz Co.*, 140 Ohio St.3d 429, 2014-Ohio-3766, ¶32.

**{¶41}** "In Ohio, pro se litigants are 'presumed to have knowledge of the law and of correct legal procedure, and [are] held to the same standard as all other litigants.'" *Lauderbaugh v. Gellasch*, 8th Dist. Cuyahoga No. 86781, 2006-Ohio-2877, ¶20, quoting *Bethke v. 12900 Lake Ave. Condo. Assoc.,* 8th Dist. Cuyahoga No. 76774, 2000 WL

11

1281252, *3 (citations omitted). "A trial court may not, however, deprive a pro se litigant the opportunity to cross-examine another party's witnesses." *Id.* (citation omitted).

> It is the trial judge's duty to see that *each party* is made secure in his rights and neither is permitted an undue advantage over the other. It is also the general rule that when a witness has been examined in chief, the cross-examination of that witness by the *adverse party* is a matter of right in order that the opposing party be permitted to elicit suppressed facts, expose bias or prejudice, or expand upon direct testimony by bringing out facts which weaken the opponent's case or support the case of the cross-examining party.

*Smith v. Egleston*, 12th Dist. Warren No. CA84-10-068, 1986 WL 6765, *3 (June 16, 1986) (emphasis sic) (internal citations omitted).

**{¶42}** Plaintiffs concede that Nicholas was not permitted to cross-examine Sylvia at the injunction hearing. They assert, however, that admitting Sylvia's testimony at trial was harmless error because Nicholas introduced identical testimony into evidence as his own Exhibits "H" and "K."

**{¶43}** "[A]n error in the admission of evidence only warrants a reversal if the error prejudices the appealing party. If a [trier of fact] probably would have arrived at the same decision absent the occurrence of the error, then the error is harmless and will not justify reversal. Moreover, error in the admission of evidence is harmless when the evidence is cumulative to other, properly admitted evidence." *Whitmer v. Zochowski*, 10th Dist. Franklin Nos. 15AP-52, *et seq.*, 2016-Ohio-4764, ¶76 (internal citations omitted). *See also* Civ.R. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.").

**{¶44}** The only reference in the trial court's judgment entry to Sylvia's prior testimony is as follows: "Sylvia Ezzo testified at a prior hearing that she had no agreement with Nicholas Ezzo for him to buy the cottage. Regarding a written purchase agreement,

12

she testified that she did not remember any written statement and that she would never sign one to sell him the cottage." The context surrounding this reference is the trial court's analysis of whether Nicholas could satisfy the writing requirement of the Statute of Frauds. The trial court concluded that "[t]he idea that Sylvia Ezzo would have written an agreement for the sale of the Fairview Drive property in a separate journal and then continue to maintain a different journal that was inconsistent with the sale agreement is not credible. The Court finds that there is no evidence of a written agreement for the purchase and sale of the real property."

{¶45} At trial, Nicholas introduced, as Exhibit H, a signed and notarized "Affidavit of Sylvia Ezzo." In her affidavit, Sylvia avers the following, in relevant part:

> At no time did I enter into a contract of sale, with the Defendant NICK EZZO, for the real estate located at 36 Fairview Drive, Conneaut, Ohio.
>
> And further, I did enter into an oral lease, with my son Nick Ezzo, for the real estate located at 36 Fairview Drive, Conneaut, Ohio. * * *
>
> All dealings of transactions with the rental of the cottage were recorded in a journal, a copy which was previously submitted to the court. This is the only journal that exists.

This exhibit corroborates Sylvia's testimony at the prior hearing that she did not have an agreement with Nicholas for him to purchase the property and that nothing was reduced to writing. Nevertheless, while it is a sworn statement, the affidavit was not made on the record and was not subject to cross-examination any more than was Sylvia's prior testimony. We conclude, in these circumstances, that Sylvia's affidavit does not bear sufficient indicia of reliability so as to overcome any prejudicial error in admitting and considering the transcript of Sylvia's prior testimony.

13

{¶46} Nicholas also introduced, as Exhibit K, a self-prepared transcript of a recorded telephone conversation between himself and Sylvia. The recording was played but not introduced. Notwithstanding the questionable evidentiary value of this exhibit, nothing within the transcript corroborates Sylvia's prior testimony that she did not remember a written purchase agreement with Nicholas and that she never would have signed one. Accordingly, we also cannot rely on this exhibit as a basis to conclude that admitting and considering Sylvia's prior testimony was harmless error.

{¶47} We conclude the admission of Sylvia's prior testimony was prejudicial error. By considering Sylvia's testimony from the injunction hearing, the trial court in effect deprived Nicholas of his right to cross-examine her. Further, the evidence upon which plaintiffs rely in support of their harmless error theory, to wit: Nicholas's Exhibits H and K, are simply not reliable or not cumulative to Sylvia's prior testimony.

{¶48} The error was not only a violation of the evidentiary hearsay rule, it was also a violation of Nicholas's right to due process of law. We must, therefore, remand the matter to the trial court for retrial. *See, e.g., Lauderbaugh*, *supra*; *Glimcher v. Doppelt*, 5 Ohio App.2d 269 (5th Dist.1966); and *Shump v. Surmann*, 2d Dist. Montgomery No. CA 11273, 1989 WL 49508 (May 10, 1989) (where denial of the constitutional right to cross-examine adverse witnesses amounted to prejudicial error, the causes were remanded for rehearing).

{¶49} Nicholas's second assignment of error has merit.

{¶50} The judgment of the Ashtabula County Court of Common Pleas is affirmed as to the denial of Nicholas's motion for summary judgment. The judgment is reversed

14

as to the admissibility of Sylvia's prior testimony. The matter is remanded for retrial and further proceedings consistent with this opinion.

CYNTHIA WESTCOTT RICE, J., concurs,

THOMAS R. WRIGHT, P.J., concurs in judgment only.

15